**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| In re:<br>THOMAS JOSEPH HIERL,<br>Debtor. | Chapter 13<br>Case No. 18-12565-MSH |

**TRUSTEE'S RESPONSE TO MOTION**
**TO COMPROMISE CLAIM**

Now comes Carolyn A. Bankowski, Standing Chapter 13 Trustee ("Trustee"), and respectfully files her response to the Motion to Compromise Claim ("the Motion"), as follows:

1. The Trustee has no objection to Motion and no objection to the amount of the settlement or to the terms contained therein.

2. However, the Motion states that the total amount of the settlement is $90,000.00 and that attorney Ralph Ligouri will receive approximately $30,000.00 of this amount. The Debtor has filed an amended Schedule C and claimed an exemption in the settlement proceeds in the total amount of $32,825.00, leaving approximately $27,175.00 as non-exempt. The Motion refers to the filing of an amended plan and schedules to account for the changes in the Debtor's circumstances, but does not provide that the Debtor will turn over the non-exempt settlement proceeds to the Trustee for payment to creditors.

3. The non-exempt portion of the proceeds is property of the estate. See In re Barbosa, 235 F.3d 31 (1st Cir. Court of Appeals, 2000), and In re Rangel, 233 B.R. 191 (Bankr.D.Mass. 1999). As such, the Trustee asserts that the non-exempt settlement proceeds must be turned over to the Trustee for payment to unsecured creditors *in addition* to the regular payments required by the confirmed plan. Therefore, the amended plan must include a lump sum in the amount equal to the total non-exempt proceeds for payment to general unsecured creditors.

Case 18-12565    Doc 119    Filed 11/01/19    Entered 11/01/19 11:40:47    Desc Main
              Document      Page 2 of 2

WHEREFORE the Trustee requests that this Court allow the Motion; and further order that:

a. The non-exempt portion of the proceeds be turned over to the Trustee for disbursement to creditors in addition to the regular payments required by the confirmed plan;

b. That the Debtor filed an amended plan and schedules to reflect the additional non-exempt funds and increased payment to creditors; and

b. Any such other relief as this Court deems proper.

Dated: November 1, 2019                    Respectfully submitted,

                                           Carolyn A. Bankowski
                                           Standing Chapter 13 Trustee
                                           /s/ Patricia A. Remer
                                           Carolyn A. Bankowski, BBO#631056
                                           Patricia A. Remer, BBO #639594
                                           Office of the Chapter 13 Trustee
                                           PO Box 8250
                                           Boston, MA  02114-0022
                                           (617) 723-1313
                                           13trustee@ch13boston.com

## Certificate of Service

The undersigned hereby certifies that on November 1, 2019, a copy of the Trustee's Response to Motion to Compromise Claim was served via first class mail, postage prepaid, or by electronic notice, on the debtor and debtor's counsel at the addresses set forth below.

Thomas Joseph Hierl                        Colin Creager
7 Upland Woods Circle                      Law Office of Nicholas F. Ortiz, P.C.
Unit 208                                   99 High Street
Norwood, MA 02062                          Suite 304
                                           Boston, MA 02110



                                           /s/Patricia A. Remer
                                           Patricia A. Remer, BBO#639594

2